# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**WILLIAM C. CISCO**                                                                      **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 4:20-CV-P37-JHM**

**JOHN M. MCCARTY**                                               **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff William C. Cisco's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

## I. SUMMARY OF COMPLAINT

Plaintiff is a convicted prisoner incarcerated at the Daviess County Detention Center. He brings this action pursuant to 42 U.S.C. § 1983 against Daviess County Judge John M. McCarty.[1] He sues Defendant in both his official and individual capacities.

In the complaint, Plaintiff alleges as follows:

> On August 15, 2019 I was unfairly given a sentence of six months in jail by [Defendant] it was the only time in over ten years I missed a payment, and I only need an extention of a few days. The reason why I missed the payment was due to expiration of benefits. All people before me was granted an extention of at least two weeks. I was the very last case and always the very last case each time I am due in court. Exactly five minutes before I was due in court or my case was called I consulted with my court appointed attorney to discuss an extention of a couple of days only to find myself standing along without representation. I have no clue why my attorney did not represent me or his whereabouts at the time. I proceeded to locate my attorney out in the hallway, only to be stopped by the [Defendant] and placed in handcuffs. [Defendant] violated Rule Number 8 of the Daviess County Circuit Court (unilateral communication). I constantly asked for my attorney to be present which my cries went unheard, I was placed in handcuffs and given a

---

[1] Plaintiff previously filed an action against Defendant in this Court regarding the judicial process and his incarceration, but he did not make specific allegations against Defendant in that action so the Court will consider them here. *Cisco v. Myers et al.*, No. 4:19-cv-P118-JHM, 2020 U.S. Dist. LEXIS 36476 (W.D. Ky. Mar. 2, 2020) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief).

sentence of 6 months in Jail. My rights were violated and stripped away from me and my life was taken away from me and the undisputable just that I have always maintain and stayed current on child support payments ORDERED by the Court….

As relief, Plaintiff seeks damages and the reversal of his conviction and release from incarceration.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all

potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Claims for Injunctive Relief**

Plaintiff asks the Court to overturn his conviction and release him from incarceration. A plaintiff cannot apply to a federal district court to "obtain review of a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments." *Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001). Moreover, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)). Claims for injunctive relief challenging the fact of conviction or the duration of confinement "fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Thus, Plaintiff's requests for injunctive relief in this § 1983 action fail to state a claim upon which relief may be granted.

### B. Claims for Damages

#### 1. Official-Capacity Claim

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Because Defendant is an officer of the Commonwealth of Kentucky, the claim brought against him in his official capacity is deemed a claim against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state officer in his official capacity, he fails to allege a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendant in his official capacity. *Kentucky v. Graham*, 473 U.S. at 169; *Bennett v. Thorburn*, No. 86-1307, 1988 U.S. App. LEXIS 4035, at *2 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

Therefore, Plaintiff's official-capacity claim for damages is subject to dismissal both because it fails to state a claim upon which relief may be granted and because it seeks monetary relief from a Defendant immune from such relief.

#### 2. Individual-Capacity Claim

The Court next to turns to Plaintiff's individual-capacity claim against Defendant. Judges are entitled to absolute immunity for actions arising out of all acts performed in the

4

exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). The law is clear that a judge acting within the scope of his official duties and within his jurisdictional authority is absolutely immune from damages liability. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997); *Watts v. Burkhart*, 978 F.2d 269 (6th Cir. 1992).

Thus, because Plaintiff seeks relief based on actions Defendant allegedly took while presiding over Plaintiff's state-court action, Plaintiff's claims against him are barred by the doctrine of judicial immunity.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: March 19, 2020

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendant
4414.011